IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Anthony James FLOYD,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>  Respondents. | Case No. 4:18-mc-09018-NKL |

**ORDER**

Pending before the Court is Respondent United States of America's motion to summarily dismiss Mr. Anthony James Floyd's Petition to Quash. For the following reasons, the United States' motion, Doc. 5, is granted.

**I.     Background**

*Pro se* Petitioner Anthony James Floyd, a tax preparer, is being investigated by the IRS for willfully filing, or for aiding or abetting the filing of, false or fraudulent tax returns, including his own. Doc. 6-1 (Affidavit from Special Agent De Los Santos), ¶¶ 2, 3. To aid its investigation, the Internal Revenue Service (IRS) served UMB Bank, N.A. with a summons, directing the bank to produce records relating to Mr. Floyd's accounts. Doc. 1-3 (Summons). Mr. Floyd filed a petition to quash in an attempt to prevent the IRS from obtaining or using the requested records.

**II.     Discussion**

The United States moves to dismiss this proceeding against the three defendants or deny Mr. Floyd's petition on multiple grounds.[1] However, because the Court lacks jurisdiction over the

---

[1] The United States also argues that the Court lacks subject matter jurisdiction because Mr. Floyd's petition was untimely, that Mr. Floyd is not entitled to an evidentiary hearing and that the summons issued by Special Agent Robert De Los Santos was valid.

respondents, the remaining grounds for dismissal or denial are not addressed.

First, the Internal Revenue Service and Special Agent De Los Santos are not proper parties. An agency of the United States cannot be sued under its own name without the express consent of Congress, and Congress has not authorized suit against the IRS. *Blackmar v. Guerre*, 342 U.S. 512, 514–15 (1952) (requiring waiver of sovereign immunity for suit against an agency); *Castleberry v. Alcohol, Tobacco & Firearms Div. of Treasury Dep't of U.S.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976) ("Congress has not constituted the Treasury Department or any of its divisions or bureaus as a body corporate and has not authorized either or any of them to be sued *eo nomine*."); *Mann v. I.R.S.*, No. 01-668-ODS, 2002 WL 1770757, at *1 (W.D. Mo. July 9, 2002) ("The IRS is an agency that cannot be subject to suit."). Further, civil actions against agents or officers of the United States in their official capacity, as this petition is, are essentially suits against the United States. *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curium) ("[R]elief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter."); *Deleeuw v. I.R.S.*, 681 F. Supp. 402, 403 (E.D. Mich. 1987) (dismissing IRS and agent as improper parties). Therefore, the United States is the proper respondent to this petition, and both the IRS and Special Agent De Los Santos are dismissed from the proceeding.

Second, the United States argues that the United States too should be dismissed under Federal Rule 12(b)(5) for improper service. Mr. Floyd asserts that he provided notice to all parties to the original summons as required by the Internal Revenue Manual. However, Federal Rule of Civil Procedure 4(i) governs service of process on the United States. The United States is properly served when a party delivers, or sends by registered or certified mail, a copy of both the summons and the petition to the United States attorney in the district where the action is brought and the Attorney General in Washington, D.C., as well as any nonparty agency or officer. Fed. R. Civ. P.

2

4(i)(1).

The record reflects that the IRS and Agent De Los Santos were sent a copy of the petition, Doc. 1-2, pp. 5–7, but there is no indication, in the record or in Mr. Floyd's opposition, that any attempt was made to serve the Attorney General or the United States Attorney for the Western District of Missouri. Moreover, there is no record that a summons was ever issued in this proceeding. These deficiencies remain even though the instructions provided to Mr. Floyd by the IRS directed Mr. Floyd to serve the United States pursuant to Rule 4 when filing a petition, *see* Doc. 1-3 (Summons), p. 5, and even though the United States raised these issues regarding service in its motion to dismiss. At this stage, dismissal is appropriate because the proceeding is well over 90 days old, the presumptive time limit for service set in Rule 4(m).

Because the petition is dismissed against the IRS and Special Agent De Los Santos as improper parties, and the United States was not properly served, the Court lacks jurisdiction, and the petition must be dismissed.

**III.  Conclusion**

For the foregoing reasons, the United States of America's motion to dismiss, Doc. 5, is granted, and Mr. Floyd's petition to quash, Doc. 1-1, is dismissed without prejudice.

                s/ Nanette K. Laughrey
                NANETTE K. LAUGHREY
                United States District Judge

Dated: <u>January 30, 2019</u>
Jefferson City, Missouri